UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JEFFREY BRADLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CORRECT HEALTH and DAVID )<br>FOWLER, )<br>)<br>Defendants. ) | No. 2:15-CV-150-JRG-MCLC |

## **MEMORANDUM OPINION**

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On April 8, 2018, the Court entered an order screening Plaintiff's complaint and allowing Plaintiff fifteen days to file an amended complaint [Doc. 6]. The United States Postal Service returned the Court's mail containing this order to the Court as undeliverable, however, with a notation indicating that Plaintiff was no longer at the address on the Court's docket sheet [Doc. 7]. Accordingly, on April 19, 2017, the Court entered an order requiring Plaintiff to show cause as to why this matter should not be dismissed for failure to prosecute within fifteen days of entry of the order [Doc. 8]. More than fifteen days have passed, however, and Plaintiff has not filed an amended complaint or a response to the show cause order, nor has he otherwise communicated with the Court. As such, for the reasons set forth below, this matter will be **DISMISSED** due to Plaintiff's failure to prosecute and failure to comply with the Court's orders.

Rule 41(b) of the Federal Rule of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th

Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous orders is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff failed to comply with the Court's orders because he failed to update his address and/or monitor this action as required by this Court's Local Rule 83.13.

As to the second factor, the Court finds that Defendants have not been prejudiced by Plaintiff's failure to comply with the Court's order.

As to the third factor, the Court warned Plaintiff that the Court would dismiss the case if Plaintiff did not timely comply with the Court's previous order [Doc. 8 p. 1].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective, as Plaintiff is a prisoner who was granted leave to proceed *in forma pauperis* in this action [Doc. 6].

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). *White v. City of Grand Rapids*, No. 01-229234, 34 F. App'x 210, 211, 2002 WL 926998, at *1 (6th Cir. May 7, 2002) (finding that a pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe,* 951 F.2d 108 (6th Cir. 1991).

2

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE